## Winch *versus* James *et al.*

| 68  297|
|130  111|

1. Arnett, a creditor of James, purchased his land at sheriff's sale, leaving James much in debt to him; he afterwards sold part of the land at a large advance. He conveyed the remainder to the wife of James, who was insolvent, upon James paying him the balance of his debt after allowing him credit for the advance on the sale. The transaction was a gratuity to the wife and not fraudulent as to creditors.

2. A creditor after buying his debtor's property at an open public and bonâ fide sale may lawfully give it to any member of the debtor's family.

3. A deposition in a suit in equity is admissible in a suit at law between the same parties for the same subject-matter.

March 30th 1871.　Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ.　WILLIAMS, J., at Nisi Prius.

Error to the Court of Common Pleas of *Warren county*: Of January Term 1871, No. 313.

This was an action of ejectment brought, June 11th 1869, by H. W. Winch against J. Y. James, Gholson C. James and J. Dennis James for inlots No. 429, 430, and west half of No. 428.

The case was tried, June 7th 1870, before Vincent, J.

The plaintiff gave in evidence a judgment in his favor against the defendants, June 25th 1864, for $10,005.58, fi. fa. and levy on land in dispute, sale under venditioni and deed to plaintiff; also writ in the ejectment served on the defendants.

The defendants gave in evidence judgment, April 11th 1859, C. B. Curtis to the use of Lewis Arnett against same defendants for $6279, fi. fa. and levy, May 26th 1860, on land in dispute, and land sold under venditioni, September 11th 1863, to Arnett for $2325. Deed Arnett to Polly S. James, March 9th 1864, consideration $2000 for inlot 429, half of 428 and part of 431, except so much as is conveyed to Mary H. James. Deed of same date, Arnett to Mary H. James for the part of inlot 430, not conveyed to Polly S. James. Will of Polly S. James, proved April 17th 1869, devising her part of the property in dispute to the children of Gholson C. James, "born or to be born."

Polly S. James was the wife of J. Y. James, and Mary H. James the wife of J. D. James. Polly when she died was in possession of the premises conveyed to her. Harriet James, wife of Gholson C. James, and mother of the devisees of Polly, has been in possession since. J. D. James and his family occupied the part conveyed to Mary H. James.

Defendants offered in evidence the deposition of Lewis Arnett, taken by defendants in a suit in Warren county Common Pleas, in equity—J. Y. James and Polly S. James, for the use of Polly S. James, *v.* H. W. Winch and Robert Allen—it being a contest between same parties relating to same property and involving the same question of title. (See Winch's Appeal, 11 P. F. Smith 424.)

[Winch *v.* James.]

After objection, the court admitted the deposition, so far as it related to the part claimed by Polly S. James, and sealed a bill of exceptions.

Arnett in his deposition said that he paid the full amount of the purchase-money to the sheriff, and proceeded: " I have been repaid the amount of my bid on said lots in this way: I afterwards bought on judgments against the Jameses, the factory property, for about $1200, and afterwards sold the same for about $4200 or $4300, which last sale paid up all the judgments, including those upon which my purchase of the house and lots were applied, less $786.75, as of the 24th day of January 1865. This balance, $786.75, was paid me by check of R. Brown for J. Dennis James, at which time I executed to Polly S. James a deed for the house and lots before mentioned, and delivered the same to J. Dennis James. This deed did not include all the property purchased by me at sheriff's sale. I at the same time made a deed to Mary H. James for a part of one of the said lots. The balance, $786.75, was paid, and the deed of Polly S. James executed on the 24th day of January 1865."

On cross-examination he said :—

" At the time I purchased the house and lots for $2325, I considered that their full value. There was no arrangement between me and any of the Jameses, at the time of the sheriff's sale, in regard to a reconveyance to them. There was no arrangement to reconvey the factory property.

" [After my purchase of both properties I stated to different parties all I wanted was my pay, and after that if there was anything left I was going to give it to Polly S. James. Before I made the deed to Mrs. James I told J. Dennis James that if he raised the balance of $786.75 I would make Mrs. James a deed of the property. This proposition to make the deed to Mrs. James came from me. I never would have conveyed to any of the male portion of the James family. It was intended entirely as a gift to Mrs. James, and a provision for her alone. I knew at this time that Joseph Y. James, J. Dennis James and Gholson C. James were heavily in debt. The deed I made to Mrs. James, on the 24th day of January, was intended to carry into effect the gift I had in view."]

The plaintiff, in rebuttal, gave evidence showing that the defendants were all deeply in debt at the time of these transactions.

The plaintiff's points were :—

1. As the consideration of the conveyance from Arnett to Polly S. James was money paid by J. D. James, when he and J. Y. James, the husband of Polly, were heavily in debt to the plaintiff and others, she holds the title in trust for said J. D. James, so far as his other existing creditors are concerned, and a levy and sale of his interest therein extinguished her title and vested it in the purchaser.

[Winch *v.* James.]

2. Although a debtor has a right to prefer his creditors in the disposition of his property, in the payment of his debts, he must do it honestly, and not with the intent to hinder, delay or defraud other creditors, and the payment by J. D. James to Arnett of the amount of his claim, under the arrangement that he would convey to Polly S. James and Mary H. James, the mother and the wife of J. D. James, the property in controversy, is a fraud on the plaintiff in this case, and operates as a hindrance and delay to him in the collection of his judgment.

3. When an insolvent debtor makes a preference among his creditors, in the payment of one to the exclusion of the rest, those creditors must stand upon an equal footing in respect to securities or means in their hands out of which they can make the amount of their claims, and if a debtor pays one creditor who has the means of satisfaction in his hands, and as a consideration of that payment those means are transferred to the mother and wife of the debtor, they are trustees for his creditors, and hold the said means and securities subject to seizure and sale by them.

4. The payment by J. D. James to Arnett of the amount of his claim against the Jameses, in consideration of the conveyance by Arnett of the property in controversy to Polly S. James and Mary H. James, the mother and the wife of J. D. James, is a fraud upon Winch, a creditor at that time of said J. D. James, to the extent of the payment made by said James, and the transaction operates as a purchase by said James, so far as the plaintiff is concerned, and the property so purchased is liable to be seized and sold on his judgment.

5. If Arnett agreed to convey the property to Mrs. James in case her son J. D. James would raise the sum of $786.75 and pay him, the same being the balance of the claim against the Jameses, there was a sufficient consideration to render the contract operative and binding upon Arnett to convey when he raised the money.

6. Arnett having executed the contract he made with J. D. James, by a conveyance of the property to his mother and his wife, no questions can now be raised by the defendants in this case as to whether that contract was *nudum pactum* or whether Arnett could be compelled specifically to perform that agreement.

8. The payment by J. D. James to Arnett of the balance due to Arnett, under the agreement that Arnett should convey to Mrs. James, is a voluntary payment on the part of said James and not compulsory, and the transaction is a purchase by said James from Arnett, when Arnett conveyed the property to Polly S. James and Mary H. James.

Defendants' point was :—

There is nothing in the transaction by which Judge Arnett conveyed the land in dispute to Polly S. and Mary H. James in January 1865, which operated prejudicially on the right of the

[Winch *v*. James.]

plaintiff, or gives him occasion to complain of the transaction, and plaintiff can recover no portion of the land.

The court answered the plaintiff's points as follows :—

" 1. We answer this point in the negative, so far as it relates to Polly S. James.

" 2. We answer the first part of this point in the affirmative, the conclusion in the negative.

" 3. This is correct as a general proposition, but Judge Arnett does not hold this property as security for payment of the debt due him from the Jameses; it was his absolute property, and we therefore think this point does not apply to the case.

" 4. We negative this point so far as relates to Polly S. James : with some doubts we affirm it so far as relates to Mary H. James.

" 5. We answer this in the negative. The payment of the money by J. D. James was not a new consideration to Arnett, and his promise to convey could not have been enforced against him.

" 6. We answer this in the negative, referring to what we have before said as to the extent of Arnett's obligations to the Jameses.

" 8. We answer this in the negative, so far as the rights of Polly S. James are concerned, and in the affirmative as to Mary H. James."

The defendant's point was answered in the affirmative as to Polly S. James, and in the negative as to Mary H. James.

The verdict was for the plaintiff for that part of land conveyed to Mary H. James, and for the defendant for the remainder.

The plaintiff took a writ of error, and assigned for error the admission of the deposition in evidence and the answers to the points.

*R. Brown* (with whom was *W. W. Wilbur*), for plaintiff in error.— As to the deposition, the parties in each case must be the same, and the same matters must be in issue : Haupt *v.* Henninger, 1 Wright 140; 1 Stark. on Evidence 238; Peterson *v.* Lothrop, 10 Casey 223; 1 Greenlf. Evidence, § 535, 553; Saylor *v.* Hicks, 12 Casey 394. A payment to Arnett of his debt, with a stipulation in consideration of such payment of a benefit out of the securities in Arnett's hands for the payment of his debt in the shape of a conveyance of the securities to his wife and mother, is void under the statute of 13 Elizabeth : Gans *v.* Renshaw, 2 Barr 34; Twyne's Case, 1 Smith's Leading Cases 33; Covanhovan *v.* Hart, 9 Harris 495; 1 Hilliard on Real Estate 307; Conelly *v.* Walker, 9 Wright 451.

*W. D. Brown*, for defendants in error.

The opinion of the court was delivered, May 8th 1871, by THOMPSON, C. J.—It would have been error on part of the

[Winch v. James.]

court below to have answered the plaintiff's 1st point in any other manner than it did, in view of the facts of the case. When the deed for the property in question was made, J. D. James and his father J. Y., and brother G. C. James, were still in Judge Arnett's debt. But as he had made a lucky sale of a portion of the property he had bought in on his executions against them, he proposed to J. D. James, that if he would pay him some $786, an amount necessary to make him whole on the debt due him on his judgments, deducting the advance he had realized on his sale of a portion of the property, he would make a present of what remained to his mother and his wife. James eventually paid the sum in extinguishment of the debt due Arnett, and then the latter made the deed in execution of the proposed gift. Not a cent of the money paid was in consideration of the house and lots. It all went to pay his own debt, and that of his father and brother, due by judgment, and left Arnett free to make the proffered gift or not. No law bound him to do it. It was a simple gratuity to an old neighbor. All this appears in the testimony, and was not contradicted. As none of the money paid entered into the consideration for the house and lot, Mrs. James was therefore not a trustee under the conveyance to her of the property for any one; they were as much hers as if she had bought them with her own money. There is no law forbidding a creditor after buying the property of his debtor at an open public and bonâ fide sale, and giving him the benefit of it, from presenting it or a portion of it to a member of his family, or any other person he pleases. That was this transaction here, and creditors lost nothing by it. It would have remained Arnett's if he had not conveyed it to Mrs. James and her daughter-in-law. This assignment of error is therefore not sustained, and this is the principal matter of the whole controversy.

We see nothing like error in the answers of the court to the other seven points of the plaintiff below, assigned for error, so far at least, as Mrs. Polly S. James's title is concerned. We will not say anything about the title of Mrs. Mary H. James. It is not before us now. We also entirely approve of the answer of the learned judge to the 1st and only point of the defendants. It was undoubtedly the law under the facts in proof. Judge Arnett could lawfully make a present of the property to Mrs. James, if he chose, as he did, when he made the deed to her. She took the same title he held, and Mr. Winch acquired no more right by a sale of it on execution, than if he had seized and sold it after it passed by the sheriff's sale to Arnett. It is incontrovertibly true, that not a cent of money was paid to Arnett for the conveyance to her. He was under no obligation, as already said, legal or equitable, to make the conveyance, as he had proposed to do.

We are also of opinion, that the deposition of Judge Arnett

[Winch *v.* James.]

taken in the case in equity between Mrs. James and her husband of the one part and the plaintiff below, was properly received in this case. The form of the proceeding did not change the principle: Haupt *et al. v.* Henninger, 1 Wright 138. The special exception to the deposition was to an entirely immaterial matter, and need not be further noticed.

Judgment affirmed.